**Amarjit SINGH, also known as Amarjit Singh Bains, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 05–3784–ag.

United States Court of Appeals, Second Circuit.

March 4, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**50**

Marc A. Karlin, Los Angeles, CA, for Petitioner.

Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois; Craig Oswald, Assistant U.S. Attorney; Shoshana L. Gillers, Assistant U.S. Attorney, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Amarjit Singh, a native and citizen of India, seeks review of a June 21, 2005 order of the BIA denying his motion to reopen and motion to reconsider. *In re Amarjit Singh,* No. A72 483 359 (B.I.A. June 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say,

where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–234 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

As a preliminary matter, our review is limited to the BIA's June 2005 decision denying Singh's motion to reopen and reconsider, as that is the only order from which a timely petition for review was filed. *See Ke Zhen Zhao,* 265 F.3d at 89–90. In its June 2005 decision, the BIA denied Singh's motion to reopen and reconsider, finding that Singh had not exercised due diligence in pursuing his case and had failed to establish that reopening would be warranted.

Singh argues that the ineffective assistance of his former counsel should excuse his delay in filing. However, the BIA did not abuse its discretion in denying his motion to reconsider on this basis where it had already considered and rejected this precise argument in a prior decision. *In re Amarjit Singh,* No. A72 483 359 (B.I.A. Mar. 07, 2005); *see Jin Ming Liu,* 439 F.3d at 111 (finding no abuse of discretion where the BIA denied a motion that repeated arguments that the BIA had previously rejected).

Moreover, the BIA did not abuse its discretion in finding that Singh failed to establish that reopening would be warranted where his "new evidence"—tax returns for himself and his employer—does not establish his eligibility for the relief he is seeking. *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); 8 C.F.R. § 1245.1. Thus, we find no abuse of discretion in the BIA's denial of Singh's motion to reopen and motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).